UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HILL, et al.,

    Plaintiffs,

v.                                CASE NO.: 8:13-cv-1945-T-23EAJ

ACCENTIA BIOPHARMACEUTICALS,
INC., et al.,

    Defendants.
_____/

**ORDER**

    The plaintiffs sue (Doc. 1) under the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4, and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 comprising misleading and materially false statements about the defendants' business.  Michael Hill, James Hill, John Scelsi, and ASM Capital (Hill Group) move (Docs. 23 and 24) for an order (1) consolidating this action with a related action (Case No. 8:13-cv-2033-T-23AEP); (2) appointing the Hill Group as lead the plaintiffs; and (3) appointing Shapiro Haber & Urmy, LLP, as lead counsel and Liggio Benrubi as liaison counsel for the classes.  The defendants respond (Doc. 27) and ask that the lead-plaintiffs group exclude the Hill brothers.[1]

    The PSLRA prescribes the designation of a lead plaintiff:

---

[1] The defendants are not opposed to the plaintiffs' other requests, including the appointment of John Scelsi and ASM Capital as lead plaintiffs.

> (I) In general
>
> Subject to subclause (II), . . . the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> (II) Rebuttal evidence
>
> The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff –
>
>> (aa) will not fairly and adequately protect the interests of the class; or
>>
>> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The statute is "inartful and hence problematic," *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), but "only putative class members – and not defendants – may challenge the appointment of lead plaintiffs and counsel." *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 9 n.5 (D.D.C. 2002) (Huvelle, J.); *accord In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (stating that the proposed lead plaintiff's complaint and sworn certification presumptively establish the most adequate plaintiff, subject to challenge from only a member of the putative class); *In*

*re Cendant*, 264 F.3d at 264 (same); *Richard NMI Bell v. Acendant Solutions, Inc.*, 2002 WL 638571, at *2 (N.D. Tex. Apr. 17, 2002) (Solis, J.) ("Although courts are split on whether a defendant has standing to object to the lead plaintiff appointment, the majority of courts – and this court – have concluded that a defendant does not have standing to object."); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000) (Harmon, J.) (collecting cases and holding, "Based on the express language of the statute, courts have concluded that defendants lack standing to challenge the adequacy or typicality of the proposed lead plaintiffs at this early stage of the litigation."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) (Buchmeyer, J.) ("[I]t is clear that Defendants have no standing to oppose the appointment of Lead Plaintiff at this stage of the litigation."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996) (Tauro, J.) ("The text of that subsection clearly indicates that this issue is one over which only potential plaintiffs may be heard."); *see also Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (Lazzara, J.) ("[I]n the absence of a showing of a reasonable basis *by another plaintiff*, no evidentiary proof of the Rule 23 requirements is required . . . ." (emphasis added)); *Abelson v. Strong*, 1987 WL 15872, at *2 (D. Mass. July 30, 1987) (Skinner, J.) ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery."); *contra Yates v. Open Joint Stock Co. "Vimpel-Commc'ns"*, 2005 WL 1018428, at *1-2 (S.D.N.Y.

Apr. 29, 2005) (Buchwald, J.) (acknowledging opposing authority but stating, "In the Southern District of New York, however, the two cases addressing this issue have held defendants do have standing to be heard during the appointment process.").[2]

The Hill Group moves, without opposition from other plaintiffs, for appointment as lead plaintiffs. Methodically, the Hill Group applies each requirement of Section 78u-4(a)(3)(B)(iii)(I) and establishes at least a *prima facie* qualification as the presumptively most adequate plaintiff. (Doc. 24 at 6-10) Because the defendant lacks standing to challenge (in behalf of other plaintiffs) the presumption, the Hill Group is the most adequate plaintiff.

Also, the Hill Group's selection of Shapiro Haber & Urmy, LLP, as lead counsel and Liggio Benrubi, P.A., as liaison counsel accords with the best interest of the class. The attorneys with Shapiro are experienced in representing institutional and individual investors in securities litigation. (Doc. 16-5 at 9-10) Also, Liggio Benrubi employs (Doc. 17-5) attorneys with experience in class action litigation. (Doc. 16-6 at 2-3)

---

[2] On this issue, no pertinent Eleventh Circuit precedent appears. *Compare In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (requiring a *prima facie* Rule 23 inquiry), *and In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (same), *with In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th Cir. 2003) (ignoring Rule 23 and holding that "the [PSLRA] contains a rebuttable presumption that the most adequate plaintiff is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." (internal quotation marks omitted)), *and Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (Lazzara, J.) ("[I]n the absence of a showing of a reasonable basis by another plaintiff, no evidentiary proof of the Rule 23 requirements is required at the lead plaintiff appointment stage . . . .").

Accordingly, the plaintiffs' motion (Doc. 23) is **GRANTED**. Because this action and the related action involve (1) the same parties and (2) common questions of fact and law and because consolidation promotes the efficient administration of justice,[3] the two actions are **CONSOLIDATED**. The clerk is directed (1) to consolidate Case No. 8:13-cv-2033-T-23AEP with this action and (2) to close Case No. 8:13-cv-2033-T-23AEP. Michael Hill, James Hill, John Scelsi, and ASM Capital are **APPOINTED** as lead plaintiffs; Shapiro Haber & Urmy, LLP, is **APPOINTED** as lead counsel; and Liggio Benrubi, is **APPOINTED** as liaison counsel for the class. The lead plaintiffs must file a consolidated complaint no later than **forty-five days** after this order.

ORDERED in Tampa, Florida, on December 4, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Rule 42 aims to "'avoid unnecessary costs of delay,' and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (quoting Fed. R. Civ. P. 42(a)); *accord Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995) ("District [] judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." (internal quotation marks and alterations omitted)).