UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HILL, et al.,

    Plaintiffs,

v.                                          CASE NO. 8:13-cv-1945-T-23EAJ

ACCENTIA BIOPHARMACEUTICALS,
INC., et al.,

    Defendants.
_____/

**ORDER**

    The plaintiffs move (Doc. 99) for class certification and for final approval of the class settlement.  Because the prerequisites for a class action under Rule 23, Federal Rules of Civil Procedure, are satisfied (Doc. 98), the plaintiffs' motion (Doc. 99) for class certification is **GRANTED**.  The following class is certified: all Persons[*] who both (1) purchased or otherwise acquired common stock of either Accentia Biopharmaceuticals, Inc., or Biovest International, Inc., or both from July 26, 2008, through August 14, 2012, and (2) were allegedly damaged thereby.  Excluded from the Settlement Class is each defendant; each current or former officer or director of Accentia or Biovest; each Immediate Family Member of any Individual

---

    [*]Any capitalized term not defined in this order has the meaning defined in the parties' settlement agreement (Doc. 96).

Defendant; each firm, trust, partnership, corporation, or entity in which any defendant or any Immediate Family Member of any Individual Defendants has a controlling interest; each legal representative, heir, successor-in-interest, or assign of any excluded Person; and Colette S. De Guelle, who requested (Doc. 107-1) exclusion.

An approved notice was disseminated and published to the class in accord with an October 8, 2014 order (Doc. 98). The form and method of notifying the class of the class action and proposed settlement (1) constitutes the best notice practicable under the circumstances, (2) affords due and sufficient notice to each person entitled to notice, and (3) satisfies the requirements of Rule 23, the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995), due process, and all other applicable laws.

Also, because the parties' settlement agreement (Doc. 96) is fair, reasonable, adequate, and in the best interest of the settlement class members (1) the objections (Docs. 105, 106) to the plaintiffs' motion for final approval of the class settlement are **OVERRULED**, (2) the plaintiffs' motion (Doc. 99) for final approval of the class settlement is **GRANTED**, and (3) the settlement agreement (Doc. 96) is **APPROVED**.

An attorney's fee of $375,000, which is 30% of the settlement fund, is awarded from the settlement fund to the plaintiffs' Lead Counsel. This amount is fair and reasonable in light of the results obtained by the Counsel, the risks associated with

this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases.  Further, the litigation expenses incurred by the Lead Counsel are fair and reasonable.  Thus, $24,160 in expenses is awarded from the settlement fund to Lead Counsel.  Service awards of $5,000 are awarded from the settlement fund to each Lead Plaintiff (i.e. Michael Hill, James Hill, and John Scelsi).

This action is **DISMISSED WITH PREJUDICE**.  The clerk is directed to terminate any pending motion and to close the case.  Jurisdiction is retained for the purpose of enforcing the parties' settlement agreement.

ORDERED in Tampa, Florida, on February 3, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE