**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| Michael Hill, James Hill, John Scelsi, and ASM Capital, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Accentia Biopharmaceuticals, Inc., Samuel S. Duffey, Francis E. O'Donnell, Jr., Brian D. Bottjer, Carlos F. Santos, Ronald E. Osman, and Steven R. Arikian,<br><br>Defendants. | Case No. 8:13-cv-01945-SDM-EAJ |

**PLAINTIFFS' ASSENTED-TO MOTION FOR AN ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS**

Lead Plaintiffs move for the entry of the accompanying Order (the "Distribution Order"). Entry of the proposed Distribution Order will:

1. Approve the procedures used and actions taken by Berdon Claims Administration LLC ("Berdon" or the "Claims Administrator") and Plaintiffs' Counsel for the administration of the Settlement as described herein and in the Affidavit of Michael Rosenbaum in Support of Plaintiffs' Motion for an Order of Distribution ("Rosenbaum Affidavit"), filed with the Court;

2. Approve the valid claims, including late-filed claims, (the "Authorized Claimants") that are identified in the Properly Documented Claims section of the Rosenbaum Affidavit and Exhibit C thereto;

3. Authorize Berdon to process and approve inadequately documented or completely undocumented claims, which are identified in the Claims Not Documented Section of the Rosenbaum Affidavit and Exhibit D thereto, that subsequently send in proper documentation

prior to the Order of Distribution, and to include any such claims in the final settlement distribution;

4. Approve the rejection of claims identified in the Ineligible Claims section of the Rosenbaum Affidavit and Exhibit E thereto;

5. Approve the settlement administration fees and expenses payable to Berdon of $29,932.94, as documented in paragraphs 10-12 of the Rosenbaum Affidavit and Exhibit G thereto.

6. Approve the distribution of expense to Richard Bowe of $600 for the preparation and filing of 2015 tax returns relating to the Settlement Fund when the returns are filed.

7. Direct distribution of the balance of the Net Settlement Fund to the Authorized Claimants;

8. Allow destruction of claim forms filed along with all related correspondence one (1) year after the initial distribution of the Net Settlement Fund to the Authorized Claimants while retaining the claimants listings and the computer database (compiled from the claim forms and related correspondence) and programs for three (3) years after the initial distribution to the Authorized Claimants; and

9. Approve a contribution to not-for-profit organizations of any funds remaining after the distribution pursuant to paragraph 34 of the Stipulation and Agreement of Settlement.

In further support of this Motion, Plaintiffs' Counsel state as follows:

1. On February 3, 2015, the Court entered its Order approving the settlement in this action and the Plan of Distribution of the Settlement proceeds.

2. The Order also retained jurisdiction for purposes of enforcing the parties' settlement agreement.

3. As set forth in the Rosenbaum Affidavit, the Notice was previously sent to members of the Class, along with a Proof of Claim form, informing them of the Settlement. Class Members who wished to participate in the Settlement were required to file a Proof of Claim form by the filing deadline. All claims have been processed, and Berdon has identified those claims recommending approval, including certain late-filed claims, and claims for which Berdon recommends be rejected. Rosenbaum Affidavit at ¶9.

4. Berdon mailed a total of 12,678 notices, including re-mailed notices. *Id.* at ¶6. Berdon has reviewed and processed 977 Proofs of Claim and conducted substantial follow-up, including through letters and telephone calls, with Class Members. *Id.* at ¶¶7-8. Berdon has identified 778 Authorized Claimants, 80 Claims Not Documented and 119 Ineligible Claims. *Id.* at ¶9 and Exhibits C-E.

5. Richard Bowe, a certified public accountant, has attended to all tax work with respect to the settlement fund, including filing of tax returns. Mr. Bowe was previously reimbursed for this tax work for 2014. Mr. Bowe anticipates incurring expenses of $600 for the preparation and filing of the 2015 taxes for the Settlement Fund.

6. As set forth in the Rosenbaum Affidavit, Berdon previously incurred out-of-pocket expenses of $83,332.73 that have already been reimbursed. Copies of Berdon's invoices for those previously reimbursed expenses are attached hereto as Exhibit 1. Berdon has an outstanding bill for fees and expenses of $29,932.94. A copy of an invoice for that outstanding amount is attached as Exhibit G to the Rosenbaum Affidavit.

7. As of September 30, 2015, the estimated Net Settlement Fund available for distribution, including interest earned on the Settlement Fund and after payment of attorneys' fees and expenses as approved by the Court, was approximately $748,811. After deduction of

the settlement administration expenses and taxes being sought by this motion, which total $30,532.94, the Net Settlement Fund available for distribution would be $718,278.06. Any additional interest income, less any additional administration expenses and taxes, will be added to the Net Settlement Fund available for distribution to the Authorized Claimants.

8. As set forth in the Rosenbaum Affidavit, the 778 Authorized Claimants have filed claims amounting to $1,701,562.79. Rosenbaum Affidavit at ¶9(a). Therefore, the distribution of the Net Settlement Funds remaining after the reimbursement of expenses to Berdon and Mr. Bowe ($718,278.06) will provide the Authorized Claimants with a recover of 42% of their damages.

9. Plaintiffs' counsel has conferred with counsel for Defendants and they assent to the relief sought by this motion.

**WHEREFORE**, Plaintiffs' counsel respectfully requests that the Court enter the proposed Order Approving Distribution of the Settlement Fund.

Dated: October 21, 2015

By their attorneys:

***/s/ Thomas G. Shapiro***_______________
Thomas G. Shapiro *(Pro Hac Vice)*
**SHAPIRO HABER & URMY LLP**
Seaport East
2 Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
tshapiro@shulaw.com
ehaber@shulaw.com

*Lead Counsel for Plaintiffs*

**LIGGIO BENRUBI**
Jeffrey Liggio
Florida Bar Number: 357741
1615 Forum Place, Suite 3B
West Palm Beach, FL 33401

Telephone: (561) 616-3100
jliggio@liggiolaw.com

*Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Thomas G. Shapiro, hereby certify that on October 21, 2015, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to all counsel of record.

***/s/ Thomas G. Shapiro________***
Thomas G. Shapiro